Marc S. Stern
1825 NW 65th Street
Seattle, WA 9817
(206) 448-7996
marc@hutzbah.com

Honorable Timothy W. Dore
Chapter 13
Location: Seattle

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re: | No. 29-23397-TWD |
|---|---|
| TIMOTHEE LOUIS ABARE<br><br>Debtor | DECLARATION OF JOSEPH L. KOPLIN IN SUPPORT OF EMPLOYMENT WITHOUT REQUIREMENT OF KEEPING TIME RECORDS |

JOSEPH L. KOPLIN declares under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

1. I am an attorney licensed to practice law in the state of Washington and have actual knowledge of the matters set forth herein.

2. I have been admitted to the Washington bar since 1977 and have handled many contingent fee personal injury cases. I have never been required to document my time in a contingent fee case in over 40 years of practice. My core areas of practice involve representing injured and disabled individuals in personal injury, workers compensation, and social security disability claims. 100% of my income comes from contingent fee work, although the percentage varies depending on the practice area.

3. I rarely keep time records. The only exception is in federal district court appeals of social security disability claim where I know that I will be filing an application for EAJA fees if I am successful. Even in these cases, I know that I don't capture all of my time.

DECLARATION OF JOSEPH L. KOPLIN - 1

KOPLIN LAW, LLC
8512 122nd Avenue NE, Suite 315
Kirkland, WA 98033-5831
W: (206) 960-4500
F: (206) 641-9628

4. I estimate that at any one time I am working on at least 30-50 open files, not including responding to phone calls and incoming e mails and faxes. In addition, I am a true solo practitioner. I do not employ a support staff and perform all administrative functions of my practice, from scanning the mail to paying the bills.

5. It would be impossible for me to keep accurate records of my time in Mr. Abare's personal injury claim. Mr. and Mrs. Abare retained Scott Donaldson and me on October 16, 2017. Copies of the contingent fee agreement with Mr. and Mrs. Abare, and the Joint Prosecution Agreement associating in Mr. Duarte, are attached. I have invested countless hours preparing Mr. Abare's claim over the past two years. Even if I were to begin keeping time records going forward, it would be impossible to recapture the time invested over the past two years.

6. Because of the seriousness of Mr. Abare's injuries and the challenges inherent in premises liability cases, Mr. Donaldson and I asked Francisco Duarte to associate as lead counsel in this case. Mr. Duarte is a trial lawyer's trial lawyer with a national reputation. He is on the faculty of the National Institute for Trial Advocacy and the Trial Lawyer's College founded by Gerry Spence. He teaches trial advocacy at the University of Washington School of Law. Having Mr. Duarte as lead counsel greatly benefits the Abares. And because the contingent fee will be equitably divided between Mr. Duarte, Mr. Donaldson and myself, there is no additional cost to Mr. Abare. I believe that Mr. Duarte would not have agreed to act as lead counsel had he known that he might be required to justify his fee against time records.

7. RPC 1.5(a) prohibits unreasonable fees. The actual time invested in a contingent fee personal injury claim is only one of multiple factors to be considered. RPC 1.5(a) cites the novelty and difficulty of the questions involved, skill required, the need to forego other work in order to handle the client's matter, the fee customarily charged in the same locality for similar legal services, the amounts involved, the results obtained, time limitations imposed by the

DECLARATION OF JOSEPH L. KOPLIN - 2

KOPLIN LAW, LLC
8512 122nd Avenue NE, Suite 315
Kirkland, WA 98033-5831
W: (206) 960-4500
F: (206) 641-9628

Case 19-13397-TWD    Doc 16    Filed 11/08/19    Ent. 11/08/19 14:24:35    Pg. 2 of 10

1. client or the circumstances, nature and length of the professional relationship with the client, the experience, reputation, and ability of the lawyers performing the services, whether the fee is fixed or contingent, and the terms of the written agreement.

8. I understand that the rules require the Court to review fees in Bankruptcy cases for reasonableness. A contingent fee is reasonable because if there is no recovery, Mr. Duarte, Mr. Donaldson and I will not be compensated for our considerable investment of time and resources. Any settlement is subject to Bankruptcy court approval, and at that time the Court can, if necessary, decide the reasonableness of the overall fees.

DECLARED UNDER PENALTY OF LAW at Kirkland, Washington this 31st day of October, 2019.

_____
JOSEPH L. KOPLIN

DECLARATION OF JOSEPH L. KOPLIN - 3

KOPLIN LAW, LLC
8512 122nd Avenue NE, Suite 315
Kirkland, WA 98033-5831
W: (206) 960-4500
F: (206) 641-9628

## CONTINGENT FEE AGREEMENT WITH ASSOCIATION OF CO-COUNSEL

**TIMOTHEE L. ABARE AND CECILIA ANN ABARE**, referred to as "Clients", hereby retain KOPLIN LAW, LLC and Joseph L. Koplin, and SCOTT M. DONALDSON, P.S. and Scott M. Donaldson, referred to as "Attorneys", to represent Clients as to all injuries and damages arising out of a **PREMISES LIABLITY INJURY** on **OCTOBER 3, 2017**, including claims for loss of consortium arising out this injury. The parties agree as follows:

1. <u>Best Efforts</u>. Attorneys will devote their full professional abilities to the cause and Clients agrees to fully cooperate with Attorneys. Neither Attorneys nor Clients will settle the case without the other's written approval.

2. <u>Fee Structure</u>. Attorneys shall charge a contingent fee for their services based upon the greater of the court-awarded fees or the following percentage of "all sums recovered" before deduction of expenses, whether by settlement, arbitration award or judgment. Fees are calculated as follows:

   a. Thirty-three and one-third percent (33-1/3%) of any amounts received after commencement of litigation or arbitration.

   b. Forty percent (40%) of any amounts received or negotiated within sixty (60) days of trial through completion of trial.

   c. In the event of any appeal following trial of the case, the parties agree to negotiate a further reasonable fee at the time of filing the appeal.

   d. **In the event no amount is recovered, then no fee shall be paid to Attorneys for their services**, but Clients remains responsible for costs advanced regardless of the outcome, as further discussed in paragraphs 5, 6, 10 and 11 below.

"All sums recovered" means all amounts awarded by the court by final judgment or paid as part of a settlement, including all amounts awarded by the court as attorney's fees, all of which shall be "grossed up" and against which a contingency fee shall be charged.

3. <u>Structured Settlements</u>. A structured settlement involves payment for damages over time, instead of or in addition to an initial cash payment. In the event a structured settlement is reached, Attorneys' fee shall be calculated based on the present value of the settlement package. Under no circumstances will Attorneys' fee be structured as part of any settlement reached. The entire attorney's fees and all accrued and unpaid costs are owing immediately at time of settlement. If cash payments are insufficient to pay the entire fee and costs, then all of each future payment shall be applied to fees and costs until all fees and costs have been paid in full; thereafter, all structured settlement payments will accrue to Clients.

CONTINGENT FEE AGREEMENT - 1

4. Hourly Billing Alternative Rejected. Before signing this agreement, Clients has been advised that as an alternative, Clients could have retained Attorney on an hourly basis at the rate of $250.00 per hour. It would have been necessary for Clients to advance a retainer of $2,500.00 to cover the first ten (10) hours of work, to be held in trust against future fees and costs as incurred, and Attorney would have further required Clients to advance fees and costs in $2,500.00 increments as a condition to continuing to represent Clients. Clients states that he or she has chosen to enter into this contingent fee agreement as opposed to an hourly billing arrangement.

Clients' Signature _____
Date: _____10/16/17_____

5. Expenses of Case. Expenses are the costs of handling Clients' case. Expenses include, but are not limited to, investigation costs, court costs, deposition costs, expert witness fees and expenses, and costs of obtaining medical records. **All expenses are Clients' responsibility, and Clients agrees to reimburse Attorneys for all costs advanced and acknowledges that Attorneys are not obligated to advance expenses on Clients' behalf.** Attorneys are expressly authorized to pay any costs or expenses owing out of Clients' share of any proceeds received by way of settlement, judgment or award. The Clients agrees to pay Attorney $_____ on or before _____, to be placed in trust and used to pay expenses as incurred.

6. Payment of Medical Costs. Clients is responsible for payment of his or her own medical and other expenses, except that Attorney is authorized, but not required, to retain and pay from the Clients' share of the proceeds such sums as are then remaining due on bills for medical care or treatment, vehicle repair or rental and/or subrogation interest of Clients' PIP, health and other insurance carriers.

7. Attorneys' Duties. Attorneys agrees to investigate Clients' claims, and if Attorneys conclude, in Attorneys' sole discretion, that the case is meritorious and provable at a cost in time and dollars commensurate with the probable value of the claim, Attorneys agree to devote all reasonable professional abilities to prosecuting the claim.

8. Clients' Duties. Clients agrees that from the date of the agreement forward, Clients:

   a. Will not give any statement or interview to anyone without the consent of Attorneys;
   b. Will not to make any settlement without Attorneys' involvement and without paying all fees and costs specified in this Agreement;
   c. Will not sign any release, settlement, or other document pertaining to Clients' case without Attorneys' knowledge and consent;
   d. Will at all times keep Attorney advised of Clients' status of treatment, status of injuries, and any change in address, phone numbers, or e mail addresses;
   e. Will respond to letters and phone calls from Attorney;
   f. Will assist Attorney as necessary in all stages of preparation of Clients'

CONTINGENT FEE AGREEMENT - 2

claim and during litigation.

9. Right to Associate Co-Counsel. Attorneys reserve the right to associate such other Attorneys as they deem necessary as co-counsel; provided that such association of co-counsel shall not increase the amount of fees owing by Clients under this agreement and further provided that Attorneys and any co-counsel shall share any contingency fee earned in proportion to the work each attorney has performed.

10. Withdrawal of Attorney Without Cause. Attorney reserves the right, in his sole discretion, to withdraw from further representation of Clients "without cause" after reasonable notice to Clients. "Without cause" means that the Clients has not committed a material breach of this agreement. In such case, Attorney waives all claim to any fee in connection with his representation of Clients, but Clients shall continue to be responsible to reimburse Attorney for all cost advances up to date of withdrawal. Attorney shall act reasonably under the circumstances to give sufficient notice to Clients to make arrangements for new counsel to take over the claim or litigation in order to minimize any possible prejudice to Clients from Attorneys' withdrawal.

11. Withdrawal of Attorney with Cause, Claim Abandonment, Attorney Discharge. Attorney further reserves the right to withdraw from further representation "with cause". "With cause" means that the Clients has committed a material breach of this agreement. If Attorney withdraws with cause, or if Clients elects at any time to abandon the claim or to discharge attorney without just cause, then in these events Clients agrees to pay Attorney, at time of discharge and prior to release of Clients' file, a reasonable fee for services performed to date of withdrawal, discharge or abandonment, computed as follows:

    a. If the claim has been substantially resolved, then Attorney shall be paid based on the contingent fee (and if Attorneys' withdrawal is because Clients has refused to accept a reasonable settlement offer, then Clients shall pay a fee equal to the contingent fee computed on the amount of the reasonable settlement offer rejected);

    b. If the claim has not been substantially resolved, the Attorney shall be paid at the rate of $250.00 per hour.

12. Fee Disputes. Clients understands that under RCW 4.24.005, Clients may petition the court to determine the reasonableness of a contingent fee up to forty-five (45) days after Clients has received a final billing or accounting.

13. Liens. Clients grants Attorney a lien on the papers in the hands of the Attorney and/or case proceeds by virtue of the cause or causes of action referred to in the Agreement.

14. File Retention and Destruction. Clients understands that Attorney will store Clients' files and records for a minimum of three (3) years following conclusion of the matter. Clients agrees that other than original materials from Clients, all file materials belong to Attorney. The Clients may request copies of any and all Clients files, and

CONTINGENT FEE AGREEMENT - 3

agrees to pay reasonable copy charges so that Attorney may retain a complete file. Clients authorizes destruction of Clients' files after expiration of the three (3) year period referred to above.

15. <u>Claims for Minors</u>. In the case of claims on behalf of minors, the Court may determine and approve Attorneys' fees, provided that the parties agree to urge court approval of the fees set forth in this Agreement. All minors' claims are subject to court approval and the net proceeds will generally be deposited to a blocked interest-bearing account until the minor reaches 18 years of age, or such earlier time as the court authorizes access to all or part of the settlement proceeds based on a showing of good cause.

16. <u>No Representations</u>. Clients acknowledges that Attorneys have made no guarantees regarding the successful conclusion of Clients' claim, and all expressions relative thereto are matters of opinion only. Clients understands that Attorneys will investigate Clients' claim, and if, after investigation, the claim does not appear to them to have merit, Attorneys shall have the right to cancel this Agreement.

17. <u>Scope of Representation.</u> This agreement does not extend to representation of other claims arising out the Injury, including but not necessary limited to workers compensation and social security disability claims. These matters are subject to a separate agreement with separate terms and conditions.

18. <u>Binding Contract</u>. Clients acknowledges that this Agreement sets forth the entire and complete agreement and understanding of the parties and that there are no other or oral agreements outside the scope of this Agreement. Clients has read and understands the Agreement, and Clients has been provided with a copy of this Agreement.

**I HAVE READ THIS CONTRACT, FULLY UNDERSTAND THE CONTRACT, AND ACKNOWLEDGE RECEIPT OF A DUPLICATE COPY OF THE ORIGINAL CONTRACT.** There are no other agreements between Attorneys and Clients. This Agreement may be modified only in writing, signed by the parties.

[Remainder of page blank; signatures on Page 5]

CONTINGENT FEE AGREEMENT - 4

DATED this 16 day of October, 2017.

| KOPLIN LAW, LLC<br><br>By _____<br>    Joseph L. Koplin<br>    Attorneys | _____<br>TIMOTHEE L. ABARE<br><br>*Cecilia Ann Abare*<br>CECILIA ANN ABARE<br><br>Clients |
|---|---|
| SCOTT M. DONALDSON, P.S.<br><br>By _____<br>    Scott M. Donaldson<br>    Attorneys | |

## IMPORTANT INFORMATION CONCERNING BANKRUPTCY FILINGS

If at any time following the date of your injury, you file a Petition in Bankruptcy Court seeking relief from creditors, you **MUST** notify the Bankruptcy Court of your claim for injuries or **YOU MAY LOSE YOUR CLAIM**. If you have filed a Petition in Bankruptcy Court between the date of your injury and the present, **YOU MUST NOTIFY US IMMEDIATELY**. From this point forward, if you intend to Seek Bankruptcy relief, **YOU MUST NOTIFY US, YOUR BANKRUPTY ATTORNEY, AND THE BANKRUPTCY TRUSTEE OF YOUR I NJURY CLAIMS** so that the proper measures may be taken to preserve your injury claim.

I HAVE read and understand the above. I also certify that **I have [ ] have not [ ]** filed a Petition with the Bankruptcy Court since the date of my injury and as of the date set forth below.

DATED this 16 day of October, 2017.

_____
TIMOTHY L. ABARE

*Cecilia Ann Abare*
CECILIA ANN ABARE
Clients

CONTINGENT FEE AGREEMENT - 5

# JOINT PROSECUTION AGREEMENT
*Timothee L. and Cecilia Ann Abare v. Lake Street Building, LLC, et. al.*

This joint prosecution agreement is made between Fury Duarte PS, of Bellevue, Washington; Scott M. Donaldson, P.S. of Lake Forest Park, Washington; and Koplin Law LLC of Kirkland, Washington (hereafter referred to as "Attorneys").

This joint prosecution agreement is made solely for the purposes of prosecuting an October 3, 2017 premises liability injury case on behalf of TIMOTHEE AND CECILIA ABARE against LAKE STREET BUILDING, LLC, McLEOD DEVELOPMENT COMPANY, McLEOD GROUP INC., and any other defendants that have yet to be identified, if any. The proper venue for this action is King County, State of Washington.

Attorneys agree that all communications that concern, refer or relate to this action among and between themselves and among and between their employees shall be considered work-product with respect to the prosecution of said action and shall not be revealed except as compelled by court order or by the agreement of counsel.

Attorneys agree that they will jointly be responsible for all preliminary matters, including filing the case, undertaking discovery, and motion practice including briefing to get the case past summary judgment motion(s) and trying the case, including related activities such as motions *in limine*, jury instructions, trial briefs and the like.

Koplin Law LLC has entered into a contingent fee agreement with the clients, TIMOTHEE AND CECILIA ABARE, that provides for a 33-1/3% contingent fee of any amounts received after commencement of litigation or arbitration and a 40% contingent fee of any amounts received or negotiated within sixty days of trial through completion of trial. The contingent fee agreement with the clients will not change as a consequence of this joint prosecution agreement. Attorneys agree that the contingent fee shall be divided 50% to Fury Duarte PS, 25% to Scott Donaldson P.S., and 25% to Koplin Law LLC.

Attorneys further agree that the costs advanced by each firm to this point shall be borne by that firm. Further costs advanced in this matter shall be paid by the firm incurring the expense and costs for outside expenses (like expert witness fees, deposition transcripts, etc.) shall be advanced in proportion to the division of the contingent fee, such that Fury Duarte PS will be responsible for 50% of the overall advanced costs, Scott Donaldson P.S. will be responsible for 25% of the overall advanced costs, and Koplin Law LLC will be responsible for 25% of the overall advanced costs. All advanced costs shall be reimbursable at the conclusion of the case pursuant to the fee agreement with the client. Each firm shall be responsible for its own in-house expenses in connection with the case, such as copies, mail, telephone, facsimile, travel, lodging, meals and/or legal research charges, with such charges to be reimburse to the incurring party at the conclusion of the case pursuant to the fee agreement with the client.

| Dated | Signature |
|---|---|
| 5/7/2019 | /s/ Joseph Koplin per attached signature page By Joseph Koplin for |
| 5-7-19 | Scott M. Donaldson |
| 5-8-19 | Francisco A. Duarte |
| May 8, 2019 | Timothee Abare |
| May 8, 2019 | Cecilia Abare |